UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHAMBERS BANK                                                                           PLAINTIFF

v.                               CASE NO. 4:11CV00389 BSM

ST. PAUL MERCURY INSURANCE
COMPANY, STEVE STANDRIDGE, individually,
and as an agent of Steve Standridge Insurance, Inc.,
and STEVE STANDRIDGE INSURANCE, INC.                                      DEFENDANTS

## ORDER

Plaintiff Chambers Bank ("Chambers") moves to remand [Doc. No. 13] and defendant St. Paul Mercury Insurance Company ("Travelers") objects [Doc. No. 16]. For the reasons set forth below, the motion to remand is granted.

## I.  BACKGROUND

Chambers sued defendants in the Yell County, Arkansas Circuit Court on April 15, 2011, alleging breach of contract on a financial institution bond, and damages pursuant to Arkansas Code Section 23-79-208.  [Doc. No. 2]  Travelers removed the case [Doc. No. 1] on the basis of federal question jurisdiction under 28 U.S.C. § 1352.  Chambers now moves to remand for lack of jurisdiction, asserting that the bond at issue is not a bond executed under a law of the United States as required by 28 U.S.C. § 1352 [Doc. No. 13].

## II.  DISCUSSION

Federal courts have original jurisdiction, concurrent with state courts, of any action on a bond executed under any law of the United States.  28 U.S.C. § 1352.  If at any time before a final judgment, it appears that subject matter jurisdiction is lacking, the case shall

be remanded. 28 U.S.C. § 1447(c). As the removing party, Travelers has the burden of showing by a preponderance of the evidence that removal was proper. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Additionally, as the party invoking federal question jurisdiction, Travelers bears the burden of showing the existence of subject matter jurisdiction. *Newhard, Cook & Co. v. Inspired Life Centers, Inc.*, 895 F.2d 1226, 1228 (8th Cir. 1990). Federal courts are to "resolve all doubts about federal jurisdiction in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

The bond at issue is a Financial Institution Bond ("the Bond") purchased by Chambers from Travelers. [Doc. No. 2]. The Bond, among other types of coverage, provided coverage for "forgery, alteration, and fraudulent instructions" and "forgery and alteration of securities and other instruments." *Id.* Chambers alleges that Travelers has breached the contract by not providing the coverage set forth in the Bond. *Id.* Travelers removed the case based on 28 U.S.C. § 1352 and 12 U.S.C. § 1828(e), asserting that the Federal Deposit Insurance Corporation ("FDIC") required Chambers to acquire the Bond. In support of this proposition, Travelers cites the FDIC's Risk Management Manual of Examination Policies ("Examination Manual") and its Statement of Policy on Applications for Depository Insurance ("Policy Statement").

While it is true that the FDIC *"may* require any insured depository institution to provide protection and indemnity against burglary, defalcation, and other similar insurable losses," 12 U.S.C. § 1828(e) (emphasis added), it is also true that nothing in the record

indicates that Chambers was required to obtain the Bond. Affidavit of Bill Donnell, 1-2. Further, the Examination Manual supports this proposition but specifically provides that "such action would only be taken in rare instances[.]" Examination Manual, § 4.4. The examination manual, however, provides that forgery and alteration coverage, which is at issue here, is "optional coverage." *Id.* Similarly, the Policy Statement merely suggests that banks obtain fidelity bond coverage by stating that "[a]n insured depository institution *should* maintain" such coverage. Policy Statement, 63 Fed. Reg. 44752, 44759 (emphasis added).

Though the FDIC has the authority to require state chartered banks to maintain financial institution bonds, nothing indicates that it exercised that authority here. *See e.g. Federal Deposit Insurance Corporation v. AETNA Casualty and Surety Company*, 903 F.2d 1073, 1078 (6th Cir. 1990) (explaining that 12 U.S.C. § 1828(e) provides that the FDIC may require an insured bank to purchase fidelity bond coverage but that there was no evidence showing that the FDIC had chosen to exercise that authority). Indeed, the documents defendants rely upon do not show that Chambers was required to purchase the Bond.

Accordingly, the Bond was not executed under a law of the United States and this court therefore lacks jurisdiction under 28 U.S.C. § 1352, and remand is therefore proper. This case is therefore remanded to the Yell County, Arkansas Circuit Court.

IT IS SO ORDERED this 14th day of November 2011.

                                                UNITED STATES DISTRICT JUDGE